IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal No. 16-248 |
| | ) |
| Eric Wesley Triplett, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**CONTI, J.**

### I.     Introduction

Pending before the court is a pro se motion for early termination of supervised release filed by defendant Eric Wesley Triplett ("Triplett"). (ECF No. 79.) Triplett argues that his term of supervised release should be terminated because he is staying out of trouble, is employed, is taking care of his children, obtained treatment for domestic violence, and obtained his driver's license. (Id.) The government responded to Triplett's motion arguing, among other things, that the court should deny his motion "in light of the seriousness of his underlying offense, his prior violations of his conditions, and the amount of time remaining on supervision." (ECF No. 82 at 2.) For the reasons set forth in this opinion, including the court's consideration of the factors set forth in 18 U.S.C. § 3553(a) and that Triplett previously violated conditions of his supervised release, Triplett's motion for early termination of supervised release will be denied without prejudice.

### II.    Procedural History

On March 20, 2017, Triplett pleaded guilty to possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 29.) On

November 2, 2017, this court sentenced Triplett to one day in prison and a term of supervised release of three years with the first six months to be served on home detention with electronic monitoring. (ECF No. 50.) On January 24, 2019, the court found Triplett violated the conditions of his supervised release[1] by committing another federal, state, or local crime and failing to refrain from the unlawful use of a controlled substance. (ECF No. 78 at 1.) The court revoked Triplett's term of supervised release, sentenced him to a term of imprisonment of four months, and a term of supervised release of thirty-two months. (Id. at 2-3.) As of the date of this opinion, Triplett has approximately one year left to serve on his term of supervised release.

On May 27, 2020, Triplett filed with this court a pro-se motion seeking early termination of his term of supervised release. The government filed a response in opposition to the motion. (ECF No. 82.) The probation officer informed the court that it does not object to Triplett's request. Triplett's motion having been fully briefed is now ripe to be decided by the court.

### III. Discussion

#### A. Applicable Law

A district court has the discretion to grant the early termination of a defendant's term of supervised release[2] under 18 U.S.C. § 3583(e). United States v. Melvin, No.

---

[1] On September 20, 2018, Triplett was charged in the Allegheny County Court of Common Pleas at Docket Number: MJ-05003-CR-0007976-2018 with committing simple assault. (ECF No. 62.) On November 2, 2017, Triplett tested positive for cannabinoids. (Id.)

[2] Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

20-1158, 2020 WL 6108619, at *3 (3d Cir. Oct. 16, 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 2020 WL 6108619, at *3. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state

that it considered the statutory factors.  Id.

The Third Circuit Court of Appeals recently clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown." Id. (emphasis added).[3] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. Rather, the district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1) to determine whether early termination of Triplett's term of supervised release is warranted by his conduct and in the interest of justice.

### B. Section 3553(a) Factors

---

[3]  The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent.  Melvin, 2020 WL 6108619 at *3.

### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

Triplett committed a serious offense by possessing a firearm after being convicted of a felony. According to the Presentence Investigation Report filed in this case, law enforcement conducted a traffic stop on a car driven by Triplett. Police officers smelled the odor of marijuana emanating from Triplett's vehicle. Triplett ran from the police officers, eventually tripped and fell, and threw a stolen firearm with one round in the chambers into the nearby weeds. Police officers found a loaded 8-round magazine on the ground where Triplett fell. (ECF No. 35 at 4-5.) The foregoing conduct shows the severity of Triplett's offense and the dangerousness of his conduct; indeed, by running from the police officers with a loaded firearm and magazine, Triplett placed the law enforcement officers, community, and himself in grave danger.

As this court explained at the time of Triplett's sentencing, Triplett had a minimal criminal history despite being a convicted felon, has a charming personality, and loves his children. According to Triplett's motion for early termination of his supervised release, he has made substantial personal progress since his term of supervised release was revoked in January 2019. He has held two jobs for a significant period of time, takes care of his children, obtained his driver's license, and completed treatment for domestic violence. The court was also informed by Triplett's probation officer that he graduated from masonry school and obtained a full-time job with a construction company. There is no record in this case that Triplett has engaged in any criminal activity since his term of supervised release was revoked in 2019.

Triplett's substantial personal development since February 2019 is laudable. The seriousness of his criminal conduct and his prior violations of the conditions of his

supervised release, however, weigh heavily against the early termination of his supervised release.

> **2. *The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner§§ 3553(a)(2)(B)-(D)***

Triplett's serious criminal conduct warranted a significant term of supervised release and court initially imposed upon him a term of supervised release of thirty-six months. Had Triplett successfully completed the initial term of supervised release, his term of supervised release would have expired this month (November 2020). In January 2019, however, the court found Triplett violated conditions of the original term of supervised release, revoked the term of supervised release, and sentenced him to a term of imprisonment of four months and a term of supervised release of thirty-two months. The approximate end date for his current term of supervision is October 2021, i.e., eleven months after his initial term of supervised release was set to expire.

The eleven months of supervised release yet-to-be served are necessary to account for Triplett's violations of the conditions of supervised release and to deter future violations. The early termination of his term of supervised release at this time would nullify the term of supervised release imposed upon him when he violated the conditions of his initial term of supervised release. Under those circumstances, the continuation of Triplett's term of supervised release affords deterrence to criminal conduct and protects the public from further crimes by defendant. Based upon the foregoing, this factor weighs heavily against the early termination of Triplett's term of supervised release.

### 3. The sentencing range established by the Sentencing Commission, § 3553(a)(4)

Triplett's guideline range for imprisonment was 12 to 18 months. The court granted Triplett a variance and sentenced him to a term of imprisonment of one day because of his desire to better himself, need for physical therapy, and minimal criminal history. Triplett's guideline range for a term of supervised release was one to three years. Considering the significant variance granted to Triplett with respect to the term of imprisonment, the court sentenced him to a term of supervised release of three years, which was at the high-end of the applicable sentencing guideline range.

Triplett served his original term of imprisonment and then violated conditions of his term of supervised release. The court revoked his term of supervised release, sentenced him to a guideline term of imprisonment of four months, and a term of supervised release of thirty-two months, pursuant to 18 U.S.C. § 3583(h). Triplett has approximately ten months of supervised release left to serve. Based upon the foregoing, this factor weighs in favor of denying Triplett's motion because the court varied from the guidelines with respect to the term of imprisonment, and, therefore, imposed a term of supervised release at the high-end of the guideline range, which Triplett did not complete without violating conditions of his supervised release. Triplett has more than one-third of his term of supervised release left to serve for those violations.

### 4. Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).

No pertinent policy statements were raised by the parties with respect to this matter.

> 5. *The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).*

There is no evidence that Triplett's term of supervised release should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

> 6. *The need to provide restitution to any victims of the offense, § 3553(a)(7).*

Restitution is not an issue in this case.

### C. Whether early termination is warranted and in the interest of justice

In support of his motion, Triplett asserts that along with his other accomplishments, he is "staying far from trouble." (ECF No. 79 at 1.) Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, however, is *required* behavior while serving a term of supervised release. United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")). The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community. For example, Triplett is abiding by the law, gainfully employed, and taking care of his children, all of which is required by the conditions of his supervised release. Triplett is encouraged to continue the path to a law-abiding life and working with his probation officer to achieve

his personal goals. His conduct is commendable, but, considering the foregoing § 3553(a) analysis, and his prior violations of supervised release, the interests of justice are best served by him completing the term of supervised release imposed upon him for violating the conditions of his original term of supervised release.

### IV.  Conclusion

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 61) without prejudice.

An appropriate order follows.

Dated: November 13, 2020                               BY THE COURT:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge